STATE OF MISSOURI, EX REL. E. A. CHRISTY, PLAINTIFF, Appellant, *v.* JOHN J. DONEGAN, DEFENDANT, Appellant.

May 16, 1882.

1. The administrator of a partnership estate, like other administrators, is required to publish notice of final settlement.

2. A final settlement of a partnership estate, made without notice, has not the effect of a judgment, and is, like an annual settlement, open to review.

3. A judgment and order of distribution made on such a settlement is conclusive upon the administrator's sureties as to the amount due by the administrator.

4. A judgment rendered in the circuit court, against the sureties, upon an order of distribution made upon such a settlement, cannot be collaterally attacked.

5. A judgment rendered by a court having jurisdiction of the parties and of the subject-matter, cannot be collaterally attacked.

6. A partnership administrator is not entitled to an allowance against the estate of his deceased partner for groceries furnished the latter's widow and administratrix.

Appeal from the St. Louis Circuit Court, Adams, J.

*Reversed and remanded.*

W. B. Thompson, G. A. Madill, and T. E. Ralston, for the plaintiff: The judgment of the circuit court, affirmed by the court of appeals and subsequently affirmed in the supreme court of the state, between the plaintiff and defendant, principal in the bond sued on in this case, is conclusive on the defendant, unless he can show fraud, collusion, clerical error, or payment. — *Stoop* v. *Witler*, 1 Mo. App. 420; *The State to use* v. *Creuzbauer*, 68 Mo. 254; *The State to use* v. *Baldwin*, 31 Mo. 561; *The State to use* v. *Baldwin*, 27 Mo. 103; *The State to use* v. *Ledergerber*, 3 Mo. App. 572; *The State to use* v. *Richmond*, 3 Mo. App. 572; *The State to use* v. *Holt*, 27 Mo. 340. A judgment rendered without notice is void. — *The State to use* v. *Hoster*, 61 Mo. 544; *McCartney* v. *Garneau*, 4 Mo. App. 566, 567; *Brown* v. *Wood*, 64 Mo. 5:0; *Howard* v. *Thornton*, 50 Mo. 291.

E. J. Lindley and James Taussig, for the defendant: A record of final settlement of a surviving partner, made in the probate court, is, in the absence of evidence of fraud, conclusive as to the extent of his liability, and conclusive that notice of final settlement was given. Such a final settlement has the dignity of a judgment of a court of record, and cannot be collaterally impeached. — *The State* v. *Rucker*, 59 Mo. 24; *Woodworth* v. *Woodworth*, 70 Mo. 603; *McCartney* v. *Garneau*, 4 Mo. App. 566; *The State* v. *Creuzbauer*, 68 Mo. 257; *Johnson* v. *Beasley*, 65 Mo. 250; *Willey* v. *Paulk*, 6 Conn. 76, and cases cited. A surety on the bond of a surviving partner is not liable for interest on the sum due by his principal until demand of payment is made of the surety, and payment is refused. — *Thompson* v. *School District*, 71 Mo. 501; *Southgate* v.

*Atlantic, etc., R. Co.*, 61 Mo. 96; *Burgess v. Care*, 52 Mo. 43. The final settlement of Ryan is conclusive as to his liability, and as to the liability of his surety, until it is set aside or reversed; it cannot be assailed collaterally. — *The State v. Rucker*, 59 Mo. 24; *Woodworth v. Woodworth*, 70 Mo. 603. As to surviving partner's final settlement, the same is true. — *McCartney v. Garneau*, 4 Mo. App. 566; *The State v. Creuzbauer*, 68 Mo. 257. It cannot be assailed collaterally, however irregular it may be. — *The State v. Rucker*, 59 Mo. 24; *Willey v. Paulk*, 6 Conn. 76, and cases cited; *Johnson v. Beasley*, 65 Mo. 250.

BAKEWELL, J., delivered the opinion of the court.

This is an action against the surety on an administrator's bond. The proceeding was begun in August, 1880, by attachment, on the ground of non-residence. The allegations of the petition are substantially as follows: —

One Christy died in St. Louis, in October, 1867. His widow, who is the relatrix of plaintiff, qualified as administratrix. Christy, when he died, was in partnership with one Ryan, who administered as surviving partner, and gave the bond sued on in this action, with defendant Donegan, and McCartney, Walker, and Merriman as sureties. The condition of the bond is set out in the language prescribed in the statute for the bond of a partnership administrator. Several breaches are alleged: That Ryan, on December 29, 1867, the date of the bond, had, and ever since has had, and held for his own use and benefit, $15,000 belonging to the co-partnership, in excess of the amount needed to satisfy partnership debts and costs, and refuses to pay to plaintiff's relatrix interest on that sum; that, at the expiration of two years from the date of the bond, Ryan had and held for his use $30,000 in excess of the sum required to pay partnership debts, which he refuses to pay over to plaintiff's relatrix; that Ryan, since the date of the bond, holds $5,000, which he claims

as commissions of the partnership estate, contrary to an agreement with Christy, that the surviving partner should settle the partnership estate free of charge. The petition goes on to say, that, on March 18, 1874, relatrix, at the relation and for the use of herself as administratrix of Christy, instituted suit on this bond in the name of the state of Missouri against all the living sureties, and against Ryan as principal, and against the administratrix of the surety McCartney, who was dead, to the April term of the circuit court of St. Louis County; that the action was dismissed as to Merriman and defendant Donegan, because they were not served; that, in this suit, judgment was rendered on November 22, 1875, against Ryan, Walker, and McCartney's administratrix, for the penalty of the bond, to be satisfied on payment of $11,626.83, with interest and costs; and that this judgment is wholly unsatisfied; that in that suit, the breach herein alleged as to the conversion of $5,000 was not set up, and there was no recovery for that breach. Plaintiff claims damages in the sum of $16,626.83, and asks judgment for the penalty of the bond, and execution for the amount claimed.

The answer denies the alleged breaches of the bond, and puts in issue the allegations as to the former suit and judgment, and says that such judgment, if rendered, is of no force as against defendant, because he had been absent from the United States for seven years, and had no notice of the suit, and had a complete defence to the action; that Ryan, as surviving partner, made final settlement in the probate court, whereupon a balance was found against him of $26,696.28, of which sum he was then ordered by the probate court to pay to himself, as surviving partner, $19,974, and to relatrix, as administratrix of Christy, $6,722, which was the only sum which he owed to Christy's estate. Defendant says that this judgment of the probate court remains in force, and concludes both Ryan and Christy's administratrix; and that, when said

final settlement was made, Ryan paid to relatrix the full sum that he was ordered to pay her as above, which she then accepted in full, whereby Ryan and his sureties were discharged.

The reply sets up that the alleged final settlement was made without notice, and, for this reason, was not a final settlement, and the order made by the probate court had not the force of a judgment, and was null and void.

Before the filing of any answer, defendant moved to strike out all allegations in the petition relating to certain specified breaches, on the ground that the plaintiff could not consistently seek to recover for these breaches and also on the judgment. This motion was sustained as to a new breach not alleged in the first suit, and overruled as to the rest. This breach was then withdrawn. Defendant then moved that plaintiff be compelled to elect between seeking a recovery on the judgment, and on the other breaches of the bond. This motion was overruled.

It appears that Thomas Ryan and James Christy were co-partners, as Ryan & Christy. In October, 1867, Christy died. Ryan administered as surviving partner, and plaintiff, Christy's widow, administered on the general estate. Ryan made several settlements. The last of these was treated as a final settlement, though it does not appear that there was any publication of notice. By this settlement, Ryan was found to have on hand $26,696.28, and was ordered to pay $6,722.29 to the widow and administratrix of Christy, and the balance to himself. On account of this order, Ryan paid to Mrs. Christy, the administratrix, on July 24, 1871, $1,500.

On March 18, 1874, Mrs. Christy, as administratrix, began the action set forth in the petition, against Ryan and his sureties, of whom Donegan was one, to recover damages for breaches of Ryan's bond as surviving partner. The action was dismissed as to Donegan and another surety, who were not found. The defendants who were served set up as one defence, that Ryan had made final settle-

ment in the probate court, in which his liability was deter-
mined.   The cause was sent to a referee, before whom it
was admitted that there had been no notice of a final settle-
ment.   The referee, therefore, found the settlement not
conclusive ; opened the accounts, and found Ryan indebted
to Christy's estate, $11,626.83.   The report was confirmed,
and there was judgment accordingly.   An appeal was
taken from this judgment, and the judgment affirmed for
failure to prosecute the appeal.   Pending this action, Mrs.
Christy became indebted to Ryan for groceries, and gave
him her receipt, as administratrix, for $1,242.88, the
amount of this private indebtedness, expressing in the re-
ceipt that that sum is to be credited on Ryan's debt to the
estate of Christy.   There was realized on the judgment, by
executions issued from time to time, $3,394.75.

On the trial of the action now under consideration, plain-
tiff gave in evidence the bond of Ryan, and the record and
all the proceedings in the first suit, and proved the death of
Christy, and rested his case.

. Defendant asked an instruction in the nature of a demurrer
to the evidence, which was refused.

Defendant introduced all the settlements of Ryan, and the
order of distribution, and the executions and the returns
upon them.   Also, testimony tending to prove that Donegan
knew nothing of the default of Ryan, or of the suit against
him, until November, 1879 ; that for some years before that
time, Donegan had been living in Europe ; that Ryan had
paid $1,500 on account, and had obtained from Mrs. Christy
the receipt for groceries spoken of above, which was for a
private debt of Mrs. Christy to Ryan.   It was admitted
that Mrs. Christy owned one-fifth of the Christy estate.
Evidence offered in rebuttal, to the effect that the records of
the probate court showed no notice of final settlement, and
that no such notice had ever been published, and that Mrs.
Christy had no notice of the last settlement until November
15, 1870, was excluded.

Objections were interposed to nearly all the evidence introduced on either side.

The following declarations of law asked by defendant, were refused : —

" Upon the evidence adduced, plaintiff cannot recover.

" The defendant is not liable to the plaintiff for interest, prior to the commencement of this suit, on the judgment rendered against Thomas Ryan in the St. Louis Probate Court.

" If the receipt of Amanda E. Christy, as administratrix, to Thomas Ryan, for $1,242.98, dated March 7, 1876, given in evidence by defendant, is genuine, and signed by her, she is estopped from denying its validity ; and although it may appear from the evidence that said administratrix received no money from Thomas Ryan, but that said receipt was given to him by said administratrix in consideration and satisfaction of a private debt due by said Amanda E. Christy individually to Thomas Ryan, the defendant is still entitled to credit for said sum of $1,242.98, and interest from March 7, 1876."

The following declarations of law were asked by the plaintiff, and refused : —

" 1. The court declares the law to be, that upon the pleadings and evidence in this cause the final settlement made by Thomas Ryan, as administrator of the partnership estate of Ryan & Christy, in the probate court of St. Louis County, Missouri, on the fifteenth day of November, 1870, and the judgment of this court thereon, read in evidence in this cause, constitute no limit to the amount of plaintiff's recovery in this cause, and are null and void in law.

" 2. If the court, sitting as a jury, finds from the evidence in this cause that the plaintiff brought a suit on the bond sued on in this cause in the circuit court of St. Louis County, Missouri, to the April term of said court, 1874, against Thomas Ryan as principal, and all the sureties on said bond, including defendant herein, and the personal representatives of the surety on said bond, who was then dead, for breaches

of the condition thereof by the said Ryan, and that plaintiff recovered a judgment in said cause on the twenty-second day of November, 1875, against said Ryan and one of his sureties and the personal representative of the surety of said bond, who was then dead, after a trial of said cause on the merits, and without fraud or collusion, or clerical error in the entry of said judgment, for the sum of $11,626.83, and that in said cause the final settlement of said Ryan & Christy, made in the probate court of St. Louis County, Missouri, on the fifteenth day of November, 1870, and the judgment of said court thereon, were set up as a defence in defendant's answer in said cause, and given in evidence on the trial thereof; and that said settlement and judgment were held void therein for want of publication of notice by said Ryan of his intention to make such final settlement; and that said judgment has never been reversed or set aside, then the court declares the law to be, that the plaintiff is entitled to recover of defendant in this cause the full amount of said judgment, with interest thereon, at the rate of six per cent per annum, less the amounts which have been collected on executions thereon, or paid by said Ryan, since the recovery thereof, with interest thereon, at the rate of six per cent per annum, not exceeding, however, in any case, the said sum of $11,626.83, with interest thereon from the time this suit was brought, at six per cent per annum, although the defendant in this cause was not served with process in said suit, and had no notice or knowledge of the pendency of said suit, or the recovery of said judgment, and said suit was dismissed against defendant herein for want of service of process on him.''

The only declarations of law given by the court were to the effect that plaintiff is entitled to recover upon the evidence; and that, upon the pleadings and evidence, the final settlement made by Thomas Ryan, as administrator of the partnership estate, in the probate court, on November 15, 1870, and the judgment of said court thereon read in evi-

·dence and set up in the answer, are no bar to plaintiff's recovery.

The cause was tried by the court, a jury having been waived ; and there was a finding and judgment for plaintiff for the amount found against Ryan in the so-called final settlement, with interest to date of the judgment, less the $1,500 paid by Ryan and the amount collected on the executions. The court refused to allow a credit for the groceries furnished to Mrs. Christy, and for which she had given a receipt to Ryan.

From this judgment both parties appeal.

The alleged final settlement in the probate court was not conclusive in Ryan's favor, if it was not made after publication of notice, as the law requires. There is no provision of the statute which, in so many words, requires the administrator of a partnership estate to publish notice of final settlement. Once it was not necessary to do so. But the revision of 1855 introduced radical changes into the law, by the enactment of sections 62, 63, and 65 of Article I., and section 9 of Article VIII., chapter 2. These provisions are found in sections 65, 66, 68, and 301 of the Revised Statutes of 1879. Section 68 provides that "the administration upon partnership effects, whether by the surviving partner, or executor or administrator of the deceased partner, shall, in all respects, conform to administrations in all other cases, except as otherwise herein provided ; and the person administering upon partnership effects and his sureties on his official bond, shall perform the same functions and duties, be governed by the same limitations, restrictions, and provisions, be subject to the same penalties, liabilities, and actions, as other administrators and their sureties." And section 301 provides that all surviving partners and their sureties shall "be subject to the same duties, penalties, provisions, and proceedings as are enjoined upon, or authorized against, executors and administrators and their sureties by law, so far as the same may be applicable."

These settlements stand, therefore, as the settlements of other administrators, as to which the rule is that, if made upon notice, they have the effect of judgments; but, when not made upon notice, they are, according to the rule in *Picot* v. *O'Fallon* (35 Mo. 29), not " final settlements," not *res adjudicata*, and are open to review. This question was most carefully examined in this court in *McCartney* v. *Garneau* (4 Mo. App. 566), not, I regret to say, published in full in the reports. In the opinion in that case, the cases are cited and examined, and we adhere to the conclusion at which we then arrived.

That case also settles another question which is discussed in the briefs of counsel and raised by that record. After a most careful examination of the authorities in this state and elsewhere, it was determined in that case that a judgment against the administrator of a partnership estate, rendered upon a final settlement and order of distribution then made upon him, is conclusive against the sureties upon his bond, and not merely *prima facie* evidence against them as to the amount due by the partnership administrator. As to this point, it is only necessary to refer to the opinion of Special Judge Stewart filed in that case. The authorities are very thoroughly examined, and we have no doubt whatever as to the conclusion at which this court then arrived. We do not propose to go over the matter again, and it would serve no purpose to incorporate into this opinion what is said at length in the opinion in that case. In accordance with that opinion, and in view of the authorities there cited and examined, we have no doubt whatever that the judgment of the circuit court on the bond of Ryan was not open to collateral attack, and that it was conclusive, not only against Ryan and the sureties who were defendants to that action, but also against the present defendant, who had no notice of the suit, and who was out of the country during the litigation.

The first action was an action upon the bond of an ad-

ministrator who had been ordered to pay over money by the probate court. The circuit court had jurisdiction over the subject-matter ( *The State ex rel.* v. *Creusbauer*, 68 Mo. 255 ), and the judgment of that court against the administrator was conclusive against his sureties. This we regard as well settled, and so it is said by Judge Sherwood, in the case just cited. One condition of the bond of the administrator of the partnership estate is, that the administrator of the partnership estate shall pay over within two years, unless a longer time be allowed by the court, to the executor or administrator, the excess, if any there be, beyond satisfying the partnership debt and costs, and expenses. Rev. Stats., sect. 60. The former action in the circuit court upon the bond determined that this had not been done by Ryan, and the amount that was due ; and the general rule is, that whenever a person has contracted in reference to the conduct of one of the parties in a proceeding in court, he is concluded by the judgment ; and a judgment against a defendant is conclusive upon his bail, if free from fraud and collusion ; and they cannot show that it is for too great a sum, nor that it was obtained by the negligence of the principal. Judgments are binding on parties and privies, and bail are privies. *Parker* v. *Sumner*, 23 Vt. 528. The sureties of an executor stand in the same relation to their principal as bail to theirs. *Willey* v. *Paulk*, 6 Conn. 74. As Lord Hardwicke said in *Greerside* v. *Benson* ( 3 Atk. 251 ), holding that sureties on an administrator's bond are concluded by a judgment against their principal, " as the verdict was obtained against the administrator, who was the proper person to try it, it would be hard to try this over again."

No distinction which will help defendant can be made between the present case and *McCartney* v. *Garneau*. And it is a mistake to say, as counsel for defendant do, that the peculiar language of the bond of the administrator of a surviving partner was not considered in deciding that case.

The judgment there was on final settlement in the probate court; the judgment here was in the circuit court on the bond. But that is immaterial. In both cases there was jurisdiction to render the judgment; and in neither case can we examine whether the judgment was warranted by the law and the facts. If the judgment was erroneous or irregular, it was for defendants to appeal. Not having done so, they are concluded, and so are all the sureties, whether parties to that suit or not. That Donegan was out of the country amounts to no more than this, that he had no actual notice of the proceeding. But we have decided in *McCartney* v. *Garneau*, that that is immaterial.

It is contended by defendant, as we understand the argument of counsel, that there was a final settlement of the partnership estate; that it must be conclusively presumed that this settlement was made upon notice, and that no greater judgment could be rendered against Ryan or his sureties than that rendered in the probate court; and, also, that plaintiff, having failed to show a final settlement by Ryan, could obtain no judgment, because only a final settlement can be a basis of action on the bond. The breach of non-payment of the judgment of the circuit court seems to have been sufficiently assigned, and, as we have said, the regularity of that judgment was not a proper subject of inquiry in this action. It may well be that if the first case had been brought up for review by appeal, that judgment might have been reversed; but the appeal was not prosecuted, and it is enough that the court that rendered it had jurisdiction of the subject-matter and the parties. No error in its exercise can make the judgment void. The allegations in the petition in that case may be insufficient; and if, in order to a recovery, it was necessary to show an order of the probate court to pay over moneys to the distributees of the estate, we are not to look at the record and the evidence in that case to examine whether such an order was alleged and proved. The judgment was not *coram non*

*judice*, if the circuit court had power to render a judgment
for breaches of an administrator's bond; and as a court of
general jurisdiction, it clearly had that power. The ques-
tion of jurisdiction cannot be made to depend upon the fact
whether the judgment was right or wrong. The test is,
whether the court had the power to enter into the inquiry;
and, where a judgment is collaterally attacked on the
ground of want of jurisdiction, the inquiry must be, not
whether, under the particular circumstances, the judgment
was warranted by law, but whether, having jurisdiction of
the parties, the court, under any circumstances, had author-
ity to render such a judgment. If it had, the judgment,
however irregular, cannot be void, and must stand until va-
cated upon a direct attack. Where there is jurisdiction to
enter a judgment upon a case properly stated, and the
statement is clearly defective, and insufficient in law, the
judgment is erroneous merely, and it is not void. *Gilman*
v. *Hovey*, 26 Mo. 280.

The real *crux* in the present case is this: Defendant
says: "The judgment in the probate court was on a
final settlement; this being so, the circuit court had no
right to go behind that settlement." If the judgment in
the probate court must be presumed to have been on notice,
and a final settlement, or if no notice was required and it
was a final settlement, then, beyond all possibility of question,
the circuit court had jurisdiction (*The State ex rel.* v. *Creus-
bauer*, 68 Mo. 254); and its judgment not being reversed
on appeal, is conclusive upon Ryan and all his sureties.
The defendant cannot be heard here to say that the circuit
court opened and went behind that settlement. If it did
so, that was, at the most, error to be corrected on appeal.
Plaintiff contends, on the other hand, that the settlement in
the probate court was merely an annual settlement, and
open to review. If it was an annual settement it was
open to review. It seems to have been found by the circuit
court in the first suit, to have been such a settlement as
gave it jurisdiction to entertain the suit upon the bond; and

we are not to look into the proceedings in that case to determine whether or not the order of payment alleged as a breach of the bond, was made upon a final settlement or not. It is conceded, and even contended here by defendant, that the settlement in the probate court was not only treated as a final settlement, but was really such. He cannot, therefore, dispute the judgment of the circuit court, or the force of its judgment. He may say that the court, having treated it as a final settlement for the purpose of entertaining jurisdiction, improperly opened the settlement and compelled the administrator to account again ; but all that was matter of error, to be corrected on appeal. It certainly does not lie in the mouth of defendant to maintain that the circuit court had no jurisdiction because there had been no order of distribution on final settlement, and at the same time to hold that the settlement was final and the circuit court could not go behind it. Both parties place themselves in an attitude somewhat inconsistent in regard to this settlement. What we can decide is that, if not made upon notice, it was no final settlement. But we have no right to examine into this for the purpose of determining that the circuit court had no jurisdiction to render judgment on the bond in the first case. The whole difficulty arises from the neglect to prosecute that appeal, and an attempt here to raise questions which could only have been called on appeal in that case.

It is clear that the learned judge of the trial court has proceeded upon a theory of the law of the case which we regard as incorrect. He seems to have disregarded the judgment on the bond in the circuit court, and to have rendered judgment for the amount appearing to be due on the last settlement of Ryan in the probate court, with interest from the date of that settlement. Whether, if properly defended, the judgment in the first suit in the circuit court could have been obtained, and whether the proper remedy of plaintiff was not to proceed to compel a final settlement in the probate court, and then to apply for a *scire facias*

against the sureties, we need not inquire. There is no judgment shown in the probate court, but there is a judgment against Ryan in the circuit court, allowed to stand, perhaps by his laches. But the judgment stands as a valid subsisting judgment against him, and concludes his sureties, so long as it is not set aside for fraud or mistake. This judgment is for "an excess beyond satisfying partnership debts, and costs and expenses in closing the affairs," and the non-payment of it is assigned in the petition in this case as being, and it really is, a breach of the partnership administrator's bond, which is also conditioned that the surviving partner "shall use due diligence and fidelity in closing the affairs of the late partnership." As the law, in express terms, as we have seen, provides that the co-partnership administrator and his sureties shall perform the same duties, be governed by the same provisions, be subject to the same liabilities and actions and proceedings as are enjoined upon, or authorized against, other administrators and their sureties, there has not been due fidelity in closing the affairs of the co-partnership where the administrator has not performed all things touching the administration required by the decree of the court having jurisdiction, and especially where he has not paid a judgment rendered against him as administrator of the partnership effects by such a court; and this is a breach of the bond sued upon in the present action which was both alleged and proved.

We think the circuit court properly refused to credit the defendant for the receipt which the administratrix had executed to Ryan for groceries delivered by him to her, on her private account. She sues in a representative capacity; and though it is admitted that she has an interest in the estate, it was not shown that the estate is solvent. Ryan knew that in delivering groceries to Mrs. Christy, he was not making payments to Christy's administratrix as required by law.

We are of the opinion that the judgment ought to be

reversed and the cause remanded. It is so ordered. Judge THOMPSON concurs; Judge LEWIS did not sit when the cause was argued and submitted, but he has examined the record, and concurs in the views expressed in this opinion.