The State ex rel. Christy v. Donegan.

---

THE STATE *ex rel.* CHRISTY *v.* DONEGAN, *Appellant.*

1. **Partnership**: ADMINISTRATOR: FINAL SETTLEMENT: NOTICE. The administrator of a partnership estate, like other administrators, is required to publish notice of final settlement.

2. **Final Settlement**: WANT OF NOTICE. A final settlement of a partnership estate, made without notice, has not the effect of a judgment, and is, like an annual settlement, open to review.

3. **Order of Distribution**: SURETIES. A judgment and order of distribution made on such a settlement is conclusive upon the administrator's sureties as to the amount due by the administrator.

4. ——: ——. A judgment rendered in the circuit court against the sureties, upon an order of distribution made upon such a settlement, can not be collaterally attacked.

5. **Judgment, when not collaterally assailable.** A judgment rendered by a court having jurisdiction of the parties and of the subject matter, can not be collaterally attacked.

**6. Partnership Administrator:** GROCERIES FURNISHED WIDOW OF DECEASED. A partnership administrator is not entitled to an allowance against the estate of his deceased partner for groceries furnished the latter's widow and administratrix.*

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

*James Taussig* for appellant.

*Wm. B. Thompson* and *Madill & Ralston* for respondent.

NORTON, J.—This cause is before us on the appeal of defendant from the judgment of the St. Louis court of appeals reversing the judgment of the circuit court of the city of St. Louis. Though not having had the benefit nor enjoyed the pleasure of hearing the oral argument, a thorough examination of the briefs of counsel and points involved in conjunction with my associates who did have the benefit of it, has convinced us all, except Judge Hough who is absent, that the judgment of the court of appeals is sustained, both on principle and authority; and, for the reasons given and the grounds stated in the opinion delivered by Judge Bakewell and reported in 12 Mo. App. 190, the judgment of the court of appeals reversing the judgment of the circuit court, and remanding the cause is hereby affirmed, in which all concur. We have not deemed it necessary to re-discuss the questions considered in the opinion, as such discussion would bring us to the conclusions therein announced; but in support of the position taken in the opinion that a judgment rendered by a court having jurisdiction of the parties and subject matter can not be collaterally assailed add the following authority: *Gray v. Bowles*, 74 Mo. 419. And in support of the position taken sustaining the circuit court in refusing to allow defendant credit for the receipt which

---

* These syllabi are taken from 12 Mo. App. 190.

Mrs. Christy, the administratrix, had executed to Ryan for groceries delivered to her on her private account, add the following authority: *State ex rel. Smith v. Leslie et al., ante,* p. 60.