The State ex rel. Christy v. Donegan.

---

THE STATE *ex rel.* CHRISTY, *Administratrix*, v. DONEGAN, *Appellant.*

1. **Administration**: DISCHARGE OF DEBT DUE ESTATE BY CANCELLATION OF LIABILITY OF ADMINISTRATOR: EQUITABLE SETOFF. While an administrator cannot, to the detriment of creditors, distributees, or legatees, discharge a debt due the estate by a cancellation of his individual liability to the debtor of the estate, such debtor is entitled to a credit by way of equitable setoff, where by its allowance, justice will be done as between him and the administrator, without affecting the rights of any one except those of the administrator, as heir or devisee.

2. ——: ——: ——. Where the evidence of such equitable setoff was received without objection, and was thus before the court with the implied admission that the pleadings were broad enough to allow its reception, such judgment may be given upon the facts as the right of the matter required, although there was no special plea of an equitable setoff.

3. **Judgment, Interest on.** Interest was properly allowed on the judgment in this case. (R. S., sec. 2725).

4. **Interest, Rule for Computing.** The rule for computing interest, announced in *Riney v. Hill*, 14 Mo. 501, approved.

*Appeal from St. Louis City Circuit Court.*—HON. GEO. W. LUBKE, Judge.

REVERSED AND REMANDED.

*James Taussig* for appellant.

(1) The defendant ought to have been allowed an equitable setoff against the interest of the relatrix in the judgment to the extent of the $1,242.98, which the relatrix owed to Ryan, the surviving partner, and for which the relatrix gave her receipt to him. The third and fourth instructions asked by defendant ought to have been given. *Barnes v. McMillins*, 78 Mo. 271, and cases cited ; 1 Pomeroy's Eq. Jur., sec. 175, p. 160 ; *Paris v. Haley*, 61 Mo. 462. (2) [a] The defendant was erroneously charged with interest from the time of rendition of judgment against Ryan (November 22, 1875), to the time of the commencement of this suit (August 6, 1880). Interest is chargeable against a surety only from the time of demand made on him. *United States v. Hills*, 4 Clifford [U. S. C. Ct.] 618 ; *United States v. Curtis*, 100 U. S. 119; *Crawford v. Willing*, 4 Dallas, 286; *United States v. Poulson*, 30 Fed. Rep. 231. (b) In this case, the rule of calculation, known as the "Vermont" rule, ought to have been applied. Interest on the Ryan judgment should have been calculated without stops to the date of judgment in this case, and from the total should have been deducted the credits with interest from the date of payment to the date of the judgment in this case.

*W. B. Thompson* for respondent.

(1) There is absolutely no foundation for the allowance of $1,242.98, the private debt of Mrs. Christy, to Ryan, contended for by appellant. The cases of *Barnes v. McMillins*, 78 Mo. 271, and *Paris v. Haley*, 61 Mo. 453, do not decide the proposition contended for by appellant. (2) The court in rendering judgment upon the breach of the bond followed the provisions of

the Revised Statutes, section 2725. This statute has been in force ever since the revised code of 1845. *Rinney v. Hill*, 14 Mo. 501 ; *Cruse v. Cruse*, 81 Mo. 689, 691. (3) An appellate court will not review questions previously determined. *Gaines v. Fender*, 82 Mo. 497 ; *Adair Co. v. Ownby*, 75 Mo. 282 ; *Lackland v. Smith*, 75 Mo. 307 ; *State ex rel. v. O' Gorman*, 75 Mo. 377 ; *Conroy v. Iron Works*, 75 Mo. 651 ; *Musser v. Brink*, 80 Mo. 350 ; *Bank v. Taylor*, 62 Mo. 338 ; *Hamilton v. Marks*, 63 Mo. 167. (4) The appeal is without merit and the judgment should be affirmed with ten per cent. damages. *Landauer v. Lichtenheim*, 11 Mo. 385 ; *Ins. Co. v. Kuhlman*, 9 Mo. App. 587 ; *State to use v. Weinel*, 13 Mo. App. 583 ; *Smith v. White*, 17 Mo. App. 443 ; *Cordell v. Bank*, 64 Mo. 600.

NORTON, C. J.—This cause has once before been before this court, and is reported in 83 Mo. 374, when an opinion was rendered affirming the judgment of the court of appeals (12 Mo. App. 190), reversing the judgment of the circuit court, and remanding the cause for retrial. On the second trial, plaintiff obtained judgment for the sum of $15,178.29, from which the defendant has appealed.

The record now before us, while it varies somewhat from the record when the cause was here before, shows that the trial was proceeded with, generally, in conformity with the theory indicated in the opinion of the court of appeals. It is, however, insisted that in one important particular there is a material difference. It is this : On the former trial, the following receipt was read in evidence :

"St. Louis, Mo., March 7, 1876.

"Received of Thomas Ryan, the sum of twelve hundred and forty-two dollars and ninety-eight cents ($1,242.98), same to be applied on any judgment which

may ultimately be obtained against said Ryan by the state of Missouri to the use of Christy. Said sum being received by me as administratrix of the estate of James Christy, deceased.

"(Signed) AMANDA E. CHRISTY.

"Administratrix of the estate of James Christy, deceased."

On said trial, it was shown that this receipt was given in payment of the private debt of Mrs. Christy contracted for groceries; and it was also shown that she was entitled to one-fifth interest in the Christy estate. On this state of the evidence, the trial court refused to allow defendant a credit or setoff for the amount of the receipt, and in passing on the propriety of this action of the court, it is said, in the opinion heretofore alluded to, that the "circuit court properly refused to credit the defendant for the receipt which the administratrix had executed to Ryan for groceries delivered by him to her, on her private account. She sues in a representative capacity; and though it is admitted she has an interest in the estate, it was not shown that the estate was solvent. Ryan knew that, in delivering groceries to Mrs. Christy, he was not making payments to Christy's administratrix as required by law." 12 Mo. App. 204.

The record in the second trial, the one now before us, shows on this subject not only all that the record of the first trial shows, but it shows, in addition thereto, that it was admitted by plaintiff "that the estate of James Christy was solvent, that all the debts of the estate had been paid, and that the share of Amanda Christy in said estate amounts to more than twenty-five hundred dollars." While it is clear that an administrator cannot, to the detriment of creditors, distributees, or legatees, discharge a debt due the estate by a cancellation of his individual liability to such debtor of the estate, it does not, therefore, necessarily follow, that under the facts above presented, defendant is not

entitled, according to right and justice, to the credit claimed by way of equitable setoff, inasmuch as, by its allowance, justice would be done, as between the administratrix and defendant, without affecting the right of any creditor, distributee, legatee, or devisee, except that of Mrs. Christy, and that only to the extent of what she by her receipt virtually agreed might be done.

The only effect of allowing the credit, so far as the estate is concerned, would be to diminish her distributive share as heir or devisee by the amount of the credit allowed. This defence might have been more specifically pleaded as an equitable setoff, but the evidence in regard to it having been received without objection, and being thus before the court with the implied admission that the pleadings were broad enough to allow its reception, we cannot see any sufficient reason why such judgment should not be passed or given upon the facts as the right of the matter required. 1 Pom. Eq. Jur., p. 160, sec. 175 ; *Barnes v. McMillen*, 78 Mo. 271. By the allowance of this credit as an equitable setoff, and subjecting Mrs. Christy's interest as legatee, distributee, or devisee of the estate to administration, to the extent of the credit allowed, no wrong is done either to the estate or Mrs. Christy, inasmuch as she would thereby only be required to do, what in effect she agreed to do by her receipt.

In other respects than the one noted, the cause was tried on the theory indicated in the opinion when the cause was here before. That interest was properly chargeable on the judgment is settled by section 2725, Revised Statutes, 1879, and that the interest was properly computed, is settled by the rule stated in *Riney v. Hill*, 14 Mo. 501.

Judgment reversed and cause remanded. All concur, except Judge Sherwood, absent.