VAN LIEW, *Administrator de bonis non of* CARGILL'S ESTATE, *Appellant*, v. BARRETT & BARRETT BEVERAGE COMPANY.

### Division One, June 8, 1898.

1, **Practice**: WEIGHT OF EVIDENCE. It is the province of trial courts, and not of appellate courts, to pass upon the weight of evidence in suits at law.

2. ——: ——: NEW TRIALS. It is within the discretion of the trial court to grant a new trial on the ground that the verdict is not sustained by the evidence, and if it exercises its discretion on that ground and grants a new trial, this court will not interfere unless it plainly appears that injustice has been done or its discretion has been unsoundly or arbitrarily exercised.

3. **Administration**: FINAL SETTLEMENT WITHOUT NOTICE. A pretended final settlement without the required statutory publication of notice thereof, does not have the force and effect of a judgment.

4. ——: PAYMENT TO ADMINISTRATOR BY DEBTOR: CONVERSION. A debtor is not required to see that an administrator to whom he has paid money, properly reports it in his settlements with the probate court. And if such administrator does not include in his settle-

ments money paid him by a debtor, or certificates of stock received by him from the debtor, such settlement will not prevent the debtor from showing such payment or delivery in a subsequent suit against him by the administrator *de bonis non*.

*Appeal from Jackson Circuit Court.*—HON. JOHN W. HENRY, Judge.

AFFIRMED.

*E. L. Noyes* for appellant.

(1) Plaintiff chose the proper and only remedy. *State ex rel. v. Rombauer*, 46 Mo. 155; *Trust Co. v. Home Lumber Co.*, 118 Mo. 447; *State ex rel. v. St. Louis Paint Co.*, 21 Mo. App. 526; *Watson v. Woody Ptg. Co.*, 56 Mo. App. 145; *Withers v. Bank*, 67 Mo. App. 115. (2) The court committed error in granting respondent a new trial. *Maddox v. Maddox*, 114 Mo. 35; *Bunker v. Hibler*, 49 Mo. App. 536; *Brown v. Morgan*, 56 Mo. App. 382. (3) The court committed error in allowing respondent to offer evidence tending to impeach the final judgment of the probate court. *Van Bibber v. Julian*, 81 Mo. 618; *Yeoman v. Younger*, 83 Mo. 424; *Nelson v. Barnett*, 123 Mo. 564; *Young v. Byrd*, 124 Mo. 590; *State ex rel. v. Gray*, 106 Mo. 526. (4), If the defendant did issue to Fred C. Hey, January 7, 1892, a certificate for fifty shares of stock in defendant company, with the following indorsement on the face: "These shares are subject to a lien in favor of this company for an indebtedness due it from James Cargill amounting to $1,436.24 as shown by its books"—said Hey had no right or authority to accept such a certificate. It was not binding on the estate and plaintiff did not have to tender to defendant the supposed certificate, when he made his demand that a certificate of stock should be issued to him as administrator. (5) As there was a final judgment by the

probate court finding that Fred C. Hey had never received any money, property or effects belonging to the estate, such judgment was not subject to collateral attack, and could not be impeached by the testimony of Mr. Hey. *Hutchinson v. Shelley*, 133 Mo. 412.

*Brown, Chapman & Brown* for respondent.

(1) The question herein for consideration by this court is whether on the evidence before the jury and the instructions given by the court, the verdict of the jury was properly set aside, and not whether the trial court committed error in instructions or in admitting or rejecting testimony. *Thompson v. Railroad*, 140 Mo. 125; *Standard Milling Co. v. Transit Co.*, 122 Mo. 269; *O'Meara v. Swanson*, 62 Mo. App. 71. (2) Defendant company was under no legal duty to transfer the stock or issue new certificate therefor, until plaintiff delivered to defendant for cancellation the outstanding certificate. Morawetz, Priv. Corps., secs. 186 and 187; Cook on Stock, sec. 358; Beach on Priv. Corp., sec. 670; 23 Am. and Eng. Ency. of Law, 671, 672; *Galveston City Co. v. Sibley*, 56 Tex. 269. (3) The indorsement on the certificate did not vitiate or impair it, and at most was no excuse or ground for releasing plaintiff from his duty to deliver the outstanding certificate for cancellation. *Keller v. Brick Machine Mfg. Co.*, 43 Mo. App. 84. (4) Hey, administrator, made no final settlement in probate court, and that court rendered no final judgment. R. S. 1889, secs. 231, 232. (5) Appellate courts will not ordinarily weigh evidence on appeal from an order granting a new trial on the ground that the verdict of the jury was against the evidence or the weight of evidence. *Bank v. Armstrong*, 92 Mo. 280; *Bank v. Wood*, 124 Mo. 76; *Bunyan v. Railroad*, 127 Mo. 22; *Lawson v. Mills*, 130

Mo. 171; *Parker v. Cassingham,* 130 Mo. 349; *Lee v. Geo. Knapp & Co.*, 137 Mo. 385; *Thompson v. Railroad*, 140 Mo. 125.

WILLIAMS, J.—This is an appeal by plaintiff from an order of the circuit court of Jackson county setting aside a verdict in his favor for $5,000, and granting defendant a new trial. Plaintiff is administrator *de bonis non* of the estate of James Cargill deceased.

The defendant is a corporation duly organized under the laws of this State with a capital stock of $15,000.

It is alleged by plaintiff that his intestate, at the time of his death, was the owner of and entitled to fifty shares of said stock of the value of $5,000; that, although often requested so to do, defendant had failed and refused to transfer said stock to plaintiff as such administrator or to his predecessor; that defendant, through its officers and agents, had refused to recognize the rights of the representatives of said estate, and "had converted to its own use all the interest of the estate in and to the defendant corporation." Judgment is asked for $5,000, which is alleged to be the value of the stock.

The defendant's answer admitted its incorporation, and denied the other allegations of the petition.

Plaintiff introduced evidence tending to prove that Cargill was the owner of fifty shares of stock in defendant corporation; that plaintiff had demanded that a certificate for same be issued and the stock transferred to him as administrator *de bonis non* and that this was refused by the officers of the company. It was further shown by plaintiff that Fred C. Hey was former administator of the estate and that he made two statements or reports to the probate court. The first was filed at the August term, 1892, in which he stated that he had received no money belonging to the estate and had paid out none. The second was presented one year

later. He then reported that no property, money or effects of the estate had come to his hands, and he had paid nothing, and asked that said statement be accepted in lieu of a settlement. Both of these reports were sworn to by Hey. When the latter was filed in August, 1893, the probate court made an order that said statement be received in lieu of his "annual" settlement, and that it be approved and spread upon the records. It was also ordered that, as there was no estate, said Hey be discharged from further duties of administration and the costs be remitted. No notice was given by publication of the intention to make this report, and nothing in the nature of a final settlement was made except as above stated. Defendant, upon its part introduced Hey, the first administrator, as a witness. His testimony tended to show that he received from the corporation, while he was in charge of the estate, a certificate for the fifty shares of stock. This certificate had an indorsement upon it as follows: "These shares are subject to a lien in favor of this company for the indebtedness due from James Cargill amounting to $1,436.24 as shown by its books." He testified that he never received any money for the estate and he did not know whether the certificate was lost or not. He possibly might find it. His receipt for a certificate of fifty shares of stock, issued to James Cargill, April 6, 1891, was introduced, dated January, 7, 1892. Testimony was presented to the effect that defendant "always recognized the estate of Cargill as the owner and holder of fifty shares of the capital stock, subject to the by-laws of the corporation." It was claimed by defendant that its officers only declined to issue a new certificate to plaintiff until the one delivered to Hey should be returned or canceled. There were some state-

VOL. 144 mo—33

ments made and an offer contained in some of the correspondence, that plaintiff would return the old certificate, but it was never done.

Plaintiff objected to the introduction of any evidence showing the delivery of the certificate to Hey, claiming that his settlement in the probate court until set aside in equity, conclusively established the fact that the stock was not received by him.    This objection was overruled.    It is also urged that Hey was not authorized to accept the stock certificate with the indorsement above mentioned upon it.

The court submitted the case to the jury upon instructions declaring, in effect, that if the certificate of stock was delivered to Hey, and, after he ceased to be administrator, plaintiff, as his successor, offered to return it to defendant, and demanded that a new one be issued to him as administrator *de bonis non* and that defendant refused to do so, plaintiff was entitled to recover; but, upon the contrary, if such certificate was still in possession of Hey, and had never been tendered to defendant, the finding should be in its favor; and a mere offer by letter to deliver it, if the certificate was not under control of plaintiff, was not sufficient.

The jury returned a verdict for plaintiff for $5,000.

The court granted defendant's motion for a new trial, on the ground that the verdict was not sustained by the evidence, and was contrary to the instructions of the court.

I.  It is manifest that the order of the circuit court granting a new trial must be affirmed.   It was not only within the power of that court, but was its plain duty, to set aside the verdict, if satisfied that such verdict was not sustained by the evidence.    The appellate courts will not review the evidence and pass upon its weight in suits at law.    That is peculiarly within the province of the trial courts.    It was clearly within

the discretion of the court below to grant a new trial upon that ground; and this court will not interfere in such cases, "unless it plainly appears that injustice has been done or the discretion has been unsoundly or arbitrarily exercised." We find nothing here upon which to base such a complaint. *Parker v. Cassingham*, 130 Mo. 348; *Thompson v. Railroad*, 140 Mo. 144; *Bank v. Wood*, 124 Mo. 72.

II. Appellant further contends that the so-called final settlement of Hey, the former administrator, conclusively established the fact that the certificate of stock was never delivered to him, and precludes the introduction of any testimony to the contrary in this case. We can not concur in this view. In the first place, no notice was given of the intention to make final settlement as required by statute. 1 R. S. 1889, sec. 231. Such a settlement without the statutory publication would not have the force and effect of a judgment. *State ex rel. v. Donegan*, 83 Mo. 374; s. c., 12 Mo. App. 190; *Brashears v. Hicklin*, 54 Mo. 102. Then, too, this suit is not against the former administrator or his bondsmen for failure to properly account for the stock. The issues raised are not between him, upon the one side, and the heirs of the deceased or creditors of the estate, upon the other, and the correctness of his accounts is not involved in the matter to be tried here. A debtor, making payment to an administrator, is not required to see that the latter properly reports such money in his settlements with the probate court. If it is not charged to the administrator and final settlement is made, this will not preclude such debtor from subsequently showing that he had properly discharged his indebtedness to the estate. So if one delivers property belonging to the deceased to his administrator, the final settlement, in which there is a failure to account for such property, will not prevent

such person from proving the delivery in a subsequent suit against him therefor. He stands in a very different relation to the settlement from an heir or creditor, who must appear and see that the proper charges are made and only correct credits allowed. Such settlement as to him is *res inter alios acta* and so must the proceedings by Hey in the probate court be regarded, in the present suit, with respect to this defendant.

IV. It is also insisted that the former administrator had no authority to accept the certificate of stock with an indorsement thereon concerning the indebtedness of the deceased to the corporation. It is said that this amounted to a compromise of the claims or rights of the estate against the corporation, which could only be made with the approval of the probate court. Hey had the right to receive the certificate of stock. The testimony tends to show that this was in due form and made out in the regular manner. If the defendant corporation had no power to make the indorsement upon it and Hey was not authorized to agree to it, such indorsement would amount to nothing and the certificate would stand as if it had not been made.

The action of the circuit court in awarding a new trial is affirmed. BRACE, P. J., and ROBINSON and MARSHALL, JJ., concur.