NORTHROP, Appellant, v. DIGGS, Respondent.

**St. Louis Court of Appeals, November 14, 1905.**

1. **PRACTICE: Setting Aside Verdict: Weight of Evidence.** When the trial court has granted a new trial on the ground that "the testimony does not support the verdict," this does not mean that there was no evidence in support of the verdict, but that the verdict was against the weight of evidence.

2. ———: ———: **Discretion of Trial Judge.** When the testimony of the plaintiff, in an action on an alleged contract for a commission in selling real estate, was squarely contradicted by the testimony of the defendant, the trial judge did not abuse his discretion in setting aside the verdict on the ground that it was contrary to the weight of evidence.

Appeal from St. Louis City Circuit Court.—*Hon. Warwick Hough,* Judge.

AFFIRMED AND REMANDED.

*Bernard Greensfelder* and *Abbott & Edwards* for appellant.

The discretionary power of the circuit court in granting and refusing new trials is subject to review by the appellate court. Hill v. Wilkins, 4 Mo. 86; Blanchard v. Wolf, 6 Mo. App. 200; Richards v. Martin, 43 Mo. App. 597; Carr v. Dawes, 46 Mo. App. 598.

*Wm. F. Smith* for respondent.

"It is the duty and prerogative of a trial court to grant one new trial when in its opinion the verdict is against the weight of the evidence (sec. 2241, R. S. 1889), and this court will never interfere in such cases unless the action of the court is purely arbitrary." Havan v. Railroad, 155 Mo. 1. c. 230; Hinzeman v. Railroad, 182 Mo. 611; Summerville v. Stockton, 178 Mo.

121; Warner v. Railroad, 178 Mo. 125; Ittner v. Hughes, 130 Mo. 688; Fitzjohn v. Railroad, 183 Mo. 78; Casey v. Transit Co., 186 Mo. 229; Ottomeyer v. Pritchett, 178 Mo. 160; Herndon v. Lewis, 175 Mo. 116; Hurley v. Kennearly, 186 Mo. 225.

GOODE, J.—A verdict was given for the plaintiff in this case, but the trial court set it aside on the ground that the evidence did not support it. An appeal was taken from the order setting aside the verdict and granting a new trial. In support of the appeal it is maintained that the ground on which the new trial was granted was, in effect, that there was no evidence to support the verdict. We do not so understand the court's order. The language used was: "The testimony does not support the verdict." It is possible to interpret that language to mean that there was no evidence to support the verdict; but in view of the fact that the record discloses ample evidence for a verdict in favor of either side, and evidence of a very conflicting character, the proper construction is that the trial court thought the evidence preponderated against the verdict; not that there was no evidence in favor of it. The meaning of this ground for a new trial was considered and adjudicated in Hull v. Railroad, 60 Mo. App. 593. In that case the language of the order for a new trial was: "The verdict is not supported by the evidence." This was held to mean that, in the opinion of the trial judge, the weight of the evidence was opposed to the finding of the jury. In Van Liew v. Barrett, etc., Co., 144 Mo. 509, 46 S. W. 202, the ground assigned for vacating the verdict was that it was not sustained by the evidence, and was contrary to the instructions. The ruling of the lower court was sustained on the first ground; which was treated as equivalent to a statement that the verdict was against the weight of the evidence.

On the assumption that the lower court ruled there was no evidence to support the verdict, the argument

urged in the present case is that the defendant lost his right to insist the evidence was insufficient to make a prima facie case, by failing to raise the point at the conclusion of either plaintiff's evidence or of all the evidence. This proposition does not call for attention, inasmuch as the court set aside the verdict for the reason that it deemed it opposed to the weight of the evidence.

The action was one on an alleged verbal contract by which the defendant agreed to pay plaintiff whatever amount over and above one thousand dollars, plaintiff could obtain as the price of a leasehold on certain premises in the city of St. Louis. The leasehold was sold for two thousand dollars, plaintiff contends by him or through his efforts. Plaintiff testified positively to the contract and to procuring the purchaser. The defendant swore point-blank there was no such contract and that he sold the leasehold himself. Plainly this was a case in which the trial judge might exercise his discretion to grant a new trial because he thought the verdict was contrary to the weight of the evidence.

The order for a new trial is affirmed and the cause remanded. All concur.