LUCY ELDORA SAPPINGTON *et vir*, Respondents, v.
AETNA LOAN COMPANY, Appellant.

### Kansas City Court of Appeals, June 13, 1898.*

1. **Building and Loan Associations:** PROMISSORY NOTES:
EQUITIES IN HAND OF TRANSFEREES. A purchaser of a note given
to a building and loan association takes it with all the incidents
which attach to it by the statute in the hands of the association;
otherwise the statute would be avoided.

2. ———: ———: TREASURY. The premium for a loan from a building
and loan association must be the result of bids for the preference at
an open meeting of the directory.

3. ———: ———: ———: PREMIUM. The party alleging that the
premium is usurious must show a failure to comply with the statute,
and there should be no such finding without evidence.

4. ———: ———: PREMIUM: STOCK. Stock premiums are not premiums
on the loan, but the value of the stock may be applied to the satis-
faction of the loan.

*Appeal from the Linn Circuit Court.*—HON. HARRY
LANDER, Special Judge.

REVERSED AND REMANDED.

SAM H. WEST and H. K. & H. J. WEST for ap-
pellant.

(1) The note in question in this case is a negoti-
able instrument under our statute. R. S. 1889, sec.
733. (2) A building and loan association organized
under the laws of this state relating to such associa-
tions, may take negotiable paper, and may purchase,
hold and force negotiable paper. Maloney v. B. & L.
Ass'n, 57 Mo. App. 384–388; Skouten v. Wood, 57
Mo. 380; Skrainka v. Allen, 76 Mo. 384; 4 Am. and

---

* This case only reached the reporter November 26, 1898.

Eng. Ency. of Law [2 Ed.], p. 1018, title B. & L. Associations; Cooper v. Saving Ass'n, 100 Pa. St. 402; Societe Permanente Dist. d'Iberville, 4 L. N. (Can.) 269; Schober v. Savings Fund Association, 35 Pa. St. 223; Savings Fund Ass'n v. Seemiller, 35 Pa. St. 225, note, 3 Phila. (Pa.) 115; Banking Co. v. Savings Fund Ass'n, 1 Kulp (Pa.) 38; State v. Bldg. Ass'n, 35 Ohio St. 258; Land Ass'n v. Gallagher, 25 Ohio St. 208; Blakeley v. Bldg. Ass'n, 26 S. W. Rep. (Tex.) 292; Savings Co. v. Conover, 5 Phila. (Pa.) 18. (3) Dues paid upon stock in a building and loan association are not payments upon the loan. This applies to the dues paid by plaintiffs to the defendant company. A borrowing member on repaying his loan is entitled to be credited with the value of his stock, but the payment of dues is not a payment on the debt. R. S. 1889, sec. 2813; Brown v. Archer, 62 Mo. App. 277. (4) There is absolutely no evidence in this case to justify the court in holding that the premiums and dues paid to the St. Louis Loan and Investment Company are usurious. R. S. 1889, sec. 2812. (5) Had the payments of premiums and dues made to the St. Louis Loan and Investment Company been usury, pure and simple (of which there is no evidence) if the defendant bought the note before maturity, for a valuable consideration, without notice, as pleaded in that part of its answer which was stricken out, such usury would not affect the defendant. Smith v. Mohr, 64 Mo. App. 39; Goodfellow v. Stillwell, 73 Mo. 17; Bank v. Coal Co., 86 Mo. 125; Goodin v. Buhler, 57 Mo. App. 63.

E. R. Stephens for respondents.

(1) Revised Statutes 1889, section 733, referred to in appellant's brief, respecting promissory notes has no

application whatever to the promissory note in question—payable to order and at the option of the maker at any time. R. S. 1889, sec. 2813; B. & L. Ass'n v. Robinson, 69 Ala. 413; 1 Am. and Eng. Corp. Cases, 403; Rhoads v. Building Ass'n, 82 Pa. St. 180; Link v. Building Ass'n, 89 Pa. St. 15; Pfeister v. Building Ass'n, 19 W. Va. 676; Bank and Building Ass'n v. Wilcox, 24 Conn. 147; Benevolent and Loan Ass'n v. Blackburn, 48 Iowa, 385; Hagerman v. Building and Saving Ass'n, 25 Ohio St. 186. (2) Surrender of stock is not a condition precedent to the repayment of a loan. R. S. 1889, sec. 2813. (3) The repayment of a loan destroys the value of the stock as a credit on the loan, and upon repayment of the loan the stock goes with it. (4) In this case the contract does not provide for the payment of premium or dues, but only for the payment of $600 with six per cent interest per annum, payable in monthly instalments of $3 each. Consequently the sum of $6 paid monthly in addition and in excess of six per cent interest was usurious, and properly credited on the principal debt (the loan of $600) as payments thereon. Therefore the question of the obtainance of the loan for a premium bid, under Revised Statutes 1889, section 2812, is not applicable. (5) The plea of usury is a personal privilege of the debtor, his privies in blood, estate or contract, and a transfer of the note or contract would not take that right away, even though the note should be in the hands of a *bona fide* indorsee, to whom it was indorsed before maturity, for full value, and without notice of the usury. Kendall v. Roberson, 12 Cushing (Mass.) 156; Rubber Co. v. Wilson, 55 Mo. App. 656. (6) The evidence showed conclusively that $6 was paid monthly in excess of the contract, and the fact that the gross sums of $9 paid monthly as demanded and fixed arbitrarily by the

association, $3 of which was interest on the loan, did not authorize them to say without the consent of the plaintiffs that any part of it in excess of the interest should be applied as payments for dues on stock. Watts v. Nat. Bldg. & Loan Ass'n, 42 S. W. Rep. (Ky.) 839; Brown v. Archer, 62 Mo. App. 277; Acts 1891, p. 170.

ELLISON J.—This is an action on the following promissory note given by plaintiffs to the payee, a building and loan association, and indorsed by such association for value before due to defendant which had no knowledge of any defects or equities therein except as may be implied by law:

STATEMENT.

"LINNEUS, Mo., May 24th, 1893.

"Eight years after date, for value received, we promise to pay to the St. Louis Loan and Investment Co., or order, at its office in the city of St. Louis, the sum of Six Hundred Dollars, with interest at the rate of six per cent per annum. Interest payable in monthly instalments on the fifteenth day of each and every month. Each instalment of interest to be $3.00. This note is secured by deed of trust on real estate in Linneus, Missouri, $600.00."

Plaintiffs filed their bill, claiming to have paid a great part of the note and offering to pay the balance found due on an accounting. The trial court found the issues for plaintiffs by allowing certain payments as credits on the note and rendering judgment for defendant for the balance. Defendant appeals.

It appears that the note was for money borrowed of the association under the statute regulating such associations. And that the payments made were $9 per month. Three dollars of which was for interest as stipulated in the note; three dollars for premium in securing the loan and three dollars for payment on

stock of the association held by plaintiffs. Plaintiffs claim that these payments of premium and on stock were not warranted by the law and were therefore usurious. That the payments were made monthly to the payee of the note up to the date of transferring it to defendant and afterwards to defendant itself, aggregating the sum of $432, which they ask to be credited on the note and that the costs be taxed against defendant. Defendant claims that the note is a negotiable promissory note and that it is an innocent purchaser for value before due and that therefore the usurious charges can not affect it.

The trial court held the note not negotiable and in our opinion properly so held. The note could only be taken by the payee under the building and loan statute and that statute does not contemplate such a note as carried with it all of the favored attributes of regular commercial paper. The purchaser of such note will take with it all the incidents which attach to it by the statute, in the hands of the association. It is not the policy of the statute to permit its terms and regulations to be avoided by a negotiation of the note. By the terms of section 2813, Revised Statutes 1889, such note may be paid at any time. The contract in this note that it was only due in eight years from date was, therefore, not authorized by the statute. Applying the terms of the statute to the note itself it would perhaps amount to a contract to pay, on or before eight years from date and such provision if incorporated in the note would not render it nonnegotiable. But the entire scheme of the building and loan statute is against the idea that a negotiation of the note would relieve it of all the incidents thrown around it by the statute. If that could be allowed, borrowers would find themselves thrown without the protection of

BUILDING and loan associations: promissory notes: equities in hand of transferees.

the statute and such association could, practically, avoid all statutory responsibility or regulation. Under the terms of section 2813, the borrower has certain rights and is subject to such regulations as are incompatible with the incidents which attach to commercial paper. Commercial paper is governed greatly by what is known as the law merchant, a law altogether inconsistent with, and outside the view and object of the statute.

Holding then that the note is subject to the same defenses and liable to have applied to it the same equities it would have been liable to in the hands of the original payee, we will ascertain if the payments made were usurious.

By the terms of the statute, section 2812, a premium may be paid for loans by the borrower. These premiums are over and above the interest paid for the loan, and, though they, added to the interest, should aggregate more than a legal rate of interest, they would yet not be usurious under the special provisions of section 2814. But in order to avoid the infection of usury, the premium must be exacted in the manner authorized by the statute. The premium must be the result of bids for preference of loan at an open meeting of the directory under the terms of the statute. This matter we discussed in Brown v. Archer, 62 Mo. App. 277, and we content ourselves now with a reference to that case.

As to whether the premium exacted in this case was not authorized by the proper proceeding by the building and loan association we are not advised. It was plaintiffs' duty to show that fact, if it be a fact. And in the absence of evidence to the contrary it should be assumed the premium was properly charged. If the premium was

the result of a proper compliance with the statute, it was not usury regardless of the amount thereof.

It may be that the trial court assumed that since the payments of $9 per month were made by plaintiffs, that they were made on the note. This does not follow. Three dollars may have been made to apply as interest on the note, and the remaining six may have been made to apply on a lawful premium and a payment on stock. Evidence should be had to show how this was. In the absence of evidence the court was without a basis for finding the fact.

The three dollar monthly stock payments were not payments on the loan. They were payments on the stock,

——:——: premium: stock.

but the value of the stock held by the borrower may be applied in satisfaction of the sum loaned. Brown v. Archer, *supra;* Barker v. Bigelow, 15 Gray, 137; Endlich on Building Ass'n, secs. 477 and 478.

The judgment will be reversed and the cause remanded. SMITH, P. J., concurs. GILL, J., absent.