## LUCY E. SAPPINGTON et al., Respondents, v. AETNA LOAN COMPANY, Appellant.

### Kansas City Court of Appeals, January 20, 1902.

1. **Building and Loan Associations: NOTES: ACCOUNTING: CREDITS: STOCK.** In an accounting on a note given to a building and loan association, the maker can not be allowed credit for the dues and also for the value of the stock, since the dues represent the value of the stock.

2. ———: ———: ———: **DUES: INTEREST.** In an accounting on a note given to a building and loan association, interest should be allowed on the dues from the several dates of payment.

Appeal from Linn Circuit Court.—*Hon. H. Lander,* Special Judge.

REVERSED AND REMANDED *(with directions).*

*H. K. & H. J. West* for appellant.

(1) "The three-dollar mónthly payments [made to the St. Louis Loan and Investment Co., and to the Aetna Loan Co.] were not payments on the loan.   They were payments on the stock, but the value of the stock held by the borrower may be applied in satisfaction of the sum loaned."   The above is a quotation from the opinion rendered by this court in this case on the former appeal.   The statute in force at the time this loan was made (Section 2813, R. S. 1889), provides that in case of the repayment of a loan the borrower shall be credited with the value of his pledged stock.   (2) It has never been the law that payments on dues should be

credited on the loan. On the contrary, it has been expressly decided by this court that such payments should not be so credited. Brown v. Archer, 62 Mo. App. 277; Sappington v. Aetna Loan Co., 76 Mo. App. 242; Price v. Empire Loan Association, 75 Mo. App. 557. (3) The court erred in giving plaintiffs credit for all payments made on their stock in the investment company, and then allowing them the "transferred credit" of $85.44, which was also on account of plaintiffs stock in the investment company.

*E. R. Stephens* for respondents.

(1) The stock of $600 (one and one-fifth shares of $500 each) was entitled to a credit of $85.44, paid for July 31, 1896, by a transferred credit which credit was entered and received by T. A. Johnson, secretary of the Aetna Loan Co., with other payments and credits. The value of the stock was also credited by the court with the cash value thereof, as paid (at 100 cents) by the plaintiffs, and no interest was allowed thereon by the court, but the paid premiums found to be illegal and usurious, were credited on the principal, with six per cent interest thereon, on each premium of $3 from date of their payment, and the cost was taxed against the defendant in accordance with the settled law of this State. Acts 1891, p. 170; Brown v. Archer, 62 Mo. App. 277.

BROADDUS, J.—This case was here once before and is reported in 76 Mo. App. 242. The questions here, however, are in the main different from what they were on the former trial. The controversy arises out of the following note: "Linneus, Mo., May 24, 1893. Eight years after date, for value received we promise to pay to the St. Louis Loan and Investment Corporation or order, at its office in the city of St. Louis, the sum of six hundred dollars, with interest at the rate of six per cent per annum. Interest payable in monthly in-

stallments on the fifteenth day of each and every month. Each installment of interest to be $3. This note is secured by deed of trust on real estate in Linneus, Mo., $600."

The plaintiffs in their petition claim to have paid the greater part of the note. They ask for an accounting and offer to pay the balance found due. We copy, for convenience, a part of the statement made by Judge ELLISON in the former opinion, viz.: "It appears that the note was for money borrowed of the association under the statute regulating such associations. And that the payments made were $9 per month; three dollars of which was for interest as stipulated in the note, three dollars for premium in securing the loan and three dollars for payment on stock of the association held by plaintiff." The note was assigned to the defendant. At the time of the execution of the note Mrs. Sappington, plaintiff, also obtained one and one-fifth shares in said association. When the note was transferred to the defendant, Mrs. Sappington also transferred to it her said shares of stock at an agreed value of $85. In the finding of the trial court the plaintiff was not only allowed as a credit against said note the amount of dues and interest thereon paid by her, but also the $85, the agreed value of her stock turned over to the defendant.

The defendant claims that this is a double credit, for the reason that the amount of dues paid represent the value of the stock. In Price v. Empire Loan Co., the court uses the following language: "While it is true that payments of the stock are not strictly speaking, payments on the loan, yet it seems to be the rule that when the borrowing shareholder comes to pay off the loan he is entitled to have the value of the stock credited on his obligation; and that value is, in the absence of a contrary showing, a sum equal to the total payment on the stock." Now if the amount of dues paid on the stock represents the value of the stock which the court credited against the note, most certainly the crediting of the value of

the stock at the agreed price of $85, would be to that extent a double credit.  This we think was error.

Defendant further contends that the court was not authorized to compute interest on dues paid by her.  We do not see any difference in this case in making a payment which should be credited upon an obligation to pay interest, than on any other obligation of a similar character.  As the interest on the note amounting to three dollars per month was shown to have been paid when due, we can see no reason why the dues paid should not bear interest from the time of their payment.  All payments in every instance are to be credited of the date paid, which in effect stops the running of interest from that time for that much and the effect in this case of computing and allowing interest on dues paid from the date of payment is the same.  The only error we can discover was allowing a double credit as aforesaid.

Reversed with directions to eliminate the $85 credit to the plaintiff as aforesaid and to enter up judgment accordingly.  All concur.