RUSSELL, Defendant in Error, v. CASSIDY, Plaintiff in Error,

St. Louis Court of Appeals, December 13, 1904.

1. **CORPORATIONS: Ultra Vires.** The maker of a note payable to a building and loan association cannot defend against an action brought by the association, or its endorsee, on the ground that the corporation had no power to take the note.

2. **PRACTICE: Compromise.** One can not successfully defend an action on a note on the ground that the debt was compromised, where the evidence showed that he did not execute his part of the contract and the settlement failed.

3. **APPELLATE PRACTICE: Erroneous Verdict: Obscure Evidence.** Where a verdict was rendered on a peremptory instruction for the full amount of the note sued on without giving credit for payments which had been made, and where the evidence in the case was otherwise obscure and unsatisfactory and the ends of justice would be promoted by a retrial, the case was remanded without permitting a remittitur of the excess.

Appeal from St. Louis City Circuit Court.—*Hon. Walter B. Douglas,* Judge.

REVERSED AND REMANDED.

*John Lally, Lockwood Sturgeon* and *R. C. Grier* for appellant.

(1) The court erred in overruling the defendant's demurrer to the evidence. The note, and the evidence on behalf of plaintiff, showed that a building and loan association had loaned $300 of its funds to the defendant. Lovelace v. Pratt, 163 Mo. 76, 63 S. W. 383; Sappington v. Loan Co., 76 Mo. App. 242; Powell v. Doyle, 93 Mo. App. 300. (2) A building and loan association has no power, while a going concern to assign the note given it by a member to secure a loan. R. S. 1899, secs.

2811, 2813; R. S. 1899, secs. 1361, 1362, 1363, 1365, 1368; Endlich on Building Associations (2 Ed.), secs. 1, 2, 16, 17, 124, 125, 339. And the point that the petition does not state facts sufficient to constitute a cause of action may be raised at any time. Weil v. Greene county, 69 Mo. 281; State v. Hoyt, 123 Mo. 348, 27 S. W. 382; Jones v. Railroad, 86 Mo. App. 134.

*Maurice McKeag* for respondent.

(1) The statute relied on is sec. 2811, Revised Statutes 1889. This section provides that an association shall only loan its funds on real estate security or on the security of its own shares of stock. The record contains no evidence that security was not required of defendant in this case. But if none had been required the act was not void. The statute is directory and a mere limitation on the powers of the corporation, and it was so held by this court in Farmers and Mechs. Sav'g Co. v. McCabe, 73 Mo. App. 551, where this statute was under consideration. Grohman v. Brown, 68 Mo. App. 630. (2) The construction given the section of the statute relied on by defendant would seem to settle the question of *ultra vires,* but aside from this our appellate courts have uniformly held that the defense of *ultra vires* is not open to a party when the contract has been fully executed. Welsh v. Brewing Co., 47 Mo. App. 613; Gloss v. Brewing Co., 47 Mo. App. 639; Winscott v. Investment Co., 63 Mo. App. 369; Drug Co. v. Robinson, 81 Mo. 18; Chenoweth v. Pac. Ex. Co., 93 Mo. App. 197; Williams v. Verity, 98 Mo. App. 660, 73 S. W. 732. (3) It is not questioned that the note in suit is negotiable and it is settled law in this State that consideration of negotiable paper in the hands of a bona fide holder for value before maturity cannot be inquired into. Jennings v. Todd, 119 Mo. 303. *Mala fides* only can open the door. Gross negligence is not sufficient. Mayes y. Robinson, 93 Mo.

114; Keim v. Vette, 167 Mo. 399, 67 S. W. 223.   (4)
The note was taken for a debt created at the time of taking and the taker is a holder for value.  Dure v. Marsden, 88 Mo. 512; Allen v. Harris, 79 Mo. App. 490; Logan v. Smith, 62 Mo. 455.

REYBURN, J.—Plaintiff, a member of the St. Louis bar, brought this action before a justice upon a note in following form: .

"$300.                          St. Louis, July 3, 1893.

"Three months after date, I promise to pay to the order of Climax Building and Loan Association three hundred dollars at the office of the association. Value received with interest at 8 per cent per annum from date until paid.

"W. B. CASSIDY."

Upon which note the following indorsements appeared:

"Nov. 15-93.. Cr. by $10.
"Nov. 25-93. Cr. by $15.00.
          "Climax Building & Loan Association,
                    "JAS. P. HESSER, Secretary.
     "THOMAS A. RUSSELL.
"Demand protest and notice of protest waived.
          "CLIMAX BUILDING & LOAN ASSOCIATION,
               "W. J. MAGGINNITIE, Secretary.
"In consideration of the maker hereof paying $25 per month, on or before the fifteenth day of each month, it is agreed by the holder of this note that when the sum of $150 and interest to date of last payment at the rate of six per cent per annum is paid, this note shall be cancelled and returned to the maker.
"November 25, 1903.        THOS. A. RUSSELL."

The cause was tried before a jury in the circuit court, which it had reached by appeal and wherein defendant's final answer, as amended, was stricken out by

the court at plaintiff's instance to the extent that his admission of the execution of the note in suit and a plea of compromise between the parties alone remained, and upon this state of pleadings with denial as reply, the trial proceeded and at close of the testimony the court directed the jury that evidence of a compromise was not sufficient to show a defense and the verdict should be for the amount of the note and interest. After examination of plaintiff, the only witness on his behalf, defendant asked the court to instruct the jury that under the pleadings and evidence the plaintiff was not entitled to recover and the verdict must be for the defendant, which the court refused and the trial progressed.

1. Plaintiff testified that he was employed by the payee of the note, a building and loan corporation, which, having no cash in its treasury, assigned and delivered the note to him in compensation for his services. It may be conceded that the payee of the note, a building and loan association by virtue of the statute was invested with such corporate powers only as were thereby conferred upon it and that the authority to borrow money was not so delegated by the statutory enactments prevailing at period of this transaction has been repeatedly decided by this court. Appeal of Powell v. Doyle, 93 Mo. App. 296; Sappington v. Loan Co., 76 Mo. App. 242. In the decision relied on by defendant the Supreme Court condemned the sale and transfer of a bond given such corporation by a member of the association to secure a loan as beyond its corporate authority, but the present case is clearly distinguished and different from the case there passed on. Lovelace v. Pratt, 163 Mo. 70, 63 S. W. 383. The present action is upon a note of which prima facie and in absence of testimony to the opposite effect, defendant received the benefit and it would be inequitable and unjust to permit defendant to question the power of the payee to accept the note from him. The maker of

a note cannot defend an action on the note brought by the corporation or its privy on the ground that the corporation had no corporate power to take the note. Bank v. Gillilan, 72 Mo. 77; St. Joseph, etc., v. Hauck, 71 Mo. 465; National Bank v. Matthews, 98 U. S. 621.

2. The instruction asked by defendant, upon the hypothesis of a compromise agreement was properly refused as the testimony of defendant revealed that the terms of the settlement had not been faithfully executed on his own part and such adjustment had failed. The imperative instruction given by the court directed the jury to find for the amount of the note with interest and the form of the verdict demonstrates that in obedience to such direction the verdict was computed upon the full face of the note. As two indorsements of partial payments conceded by plaintiff. appeared on the back of the note itself, this was manifest error. The record in this case is obscure and unsatisfactory and believing that the ends of justice will be promoted by a retrial of this case, in lieu of permitting an appropriate remittitur, the judgment is reversed and the cause remanded. All concur.