RUSSELL, Respondent, v. CASSIDY, Appellant.

St. Louis Court of Appeals, February 5, 1907.

1. **BUILDING AND LOAN ASSOCIATIONS: Ultra Vires: Negotiable Note.** An ordinary negotiable note, taken by a building and loan association, out of the ordinary course of business of such associations, is binding upon the party making such note and is assignable by the buildng and loan assocation so that the assignee can recover upon it against the maker.

2. **COMPROMISE: Violation of Compromise Agreement.** A party who refuses to comply with the terms of a compromise agreement cannot set up such agreement in defense of an action brought on the original demand out of which it arose.

3. **PRACTICE: Jury: Computation of Interest.** It is proper for a trial court to direct the jury how to calculate the interest on a note sued on where partial payments have been made; such direction does not take away the right of the jury to compute interest.

Appeal from St. Louis City Circuit Court.—*Hon. Walter B. Douglas,* Judge.

AFFIRMED.

*John Lally* for appellant.

(1) A building and loan association has no power, while a going concern to assign the notes of its borrowers. R. S. 1889, secs. 2811, 2813; R. S. 1899, secs. 1361, 1362, 1363, 1368; Lovelace v. Pratt, 163 Mo. 76. (2) Corporate acts, in order to be unlawful and void, need not be immoral or expressly prohibited. It is sufficient that they are unauthorized, and therefore impliedly prohibited. People ex rel. v. Chicago Gas Trust Co., 130 Ill. 286, 8 L. R. A. 497, 17 Am. St. 319; Franklin Co. v. Lewiston Inst. for Savings, 68 Me. 43, 28 Am. Rep. 9; Degnan v. Thoroughman, 88 Mo. App. 62. (3) If upon any theory of the case, it could be held that the note in suit was without the protection of the building and loan association statute, still the testimony tended to show that plaintiff did not receive it before maturity, and further, that plaintiff had not received it before he was aware that defendant had made settlement with the association in respect to it. Notice may be inferred from facts proven. Edwards v. Thomas, 66 Mo. 468; Cass Co. v. Green, 66 Mo. 498; Whaley v. Neil, 44 Mo. App. 316; Wright Inv. Co. v. Fillingham, 85 Mo. App. 534; Tiernan's Exr. v. Security B. & L. Assn., 152 Mo. 135.

*Charles J. Fox* for respondent; *Thomas A. Russell pro se.*

(1) There was no evidence to support the counterclaim. The note in suit is negotiable, and it is settled law in this State that the consideration of negotiable paper in the hands of a bona fide holder for value before maturity cannot be inquired into. Jennings v. Todd,

118 Mo. 303. "When the act is not wrong *per se,* when the contract is for a lawful purpose, and when entered into in good faith, and fairly executed by the party who seeks to enforce it, the party which has received the benefit of the contract cannot set up the defense of excess of corporate power. It is an unconscionable defense." City of Goodland v. Bank, 74 Mo. App. 375; Chenoweth v. Pac. Ex. Co., 93 Mo. App. 197; Bank v. Bank, 109 Mo. App. 672; Mayes v. Robinson, 93 Mo. 122; Wilson v. Rider, 92 Mo. App. 335. (2) The note was taken for a debt created at the time of taking, and the taker is a holder for value. Dure v. Marsden, 88 Mo. 512; Allen v. Harris, 79 Mo. App. 490; Logan v. Smith, 62 Mo. 455; Russell v. Cassidy, 108 Mo. App. 577.

BLAND, P. J.—The action was begun before a justice of the peace by the filing of the following promissory note:

"$300.00                        St. Louis, July 3, 1893.

"Three months after date I promise to pay to the order of Climax Building and Loan Association three hundred dollars at office of the association. Value received with interest at eight per cent per annum from date until paid.          -

"No. 4.    Due 10—3—'93.        "WM. B. CASSIDY."

Indorsed on back as follows:

"Nov. 15—'93, $10.

Nov. 15—'93, $15.

"CLIMAX BUILDING & LOAN ASSN.,

"JAS. P. HESSER, Sect'y.

"THOS. A. RUSSELL.

"Demand, protest and notice of protest waived.

"CLIMAX BUILDING AND LOAN ASSN.,

"W. J. MACGINNITE, Secretary."

Also indorsed on back as follows:

"In consideration of the maker hereof paying $25 per month on or before the fifteenth of each month, it is

agreed by the holder of this note that when the sum of $150 and interest to date of last payment at the rate of six per cent per annum is paid, this note shall be cancelled and returned to the maker.

"Nov. 25—'93.          "THOMAS A. RUSSELL, Holder."

In due course the cause was appealed to the circuit court, where on a trial anew, plaintiff recovered a judgment, from which defendant appealed to this court. Defendant filed an answer in the circuit court, in which he set up two specific defenses; first, that the note was given without any consideration whatever; second, that the payee was without power or authority to assign or transfer the note to plaintiff; and for a counterclaim alleged that he paid plaintiff twenty-five dollars without any consideration whatever under the terms of a compromise agreement between himself and plaintiff, which agreement plaintiff had repudiated and refused to carry out. To this answer, plaintiff filed a general denial by way of reply. The case was before us by appeal on a former occasion. Defendant at that time contended the building and loan association was without authority to take the note and that the agreement out of which the note arose was *ultra vires.* We ruled against that contention (Russell v. Cassidy, 108 Mo. App. 577, 84 S. W. 171). Defendant now takes the position, that the assignment of the note was unauthorized and was *ultra vires,* by reason of which plaintiff acquired no title to the note by the assignment, or attempted assignment, and cites Lovelace v. Pratt, 163 Mo. 70, 63 S. W. 383, and Sappington v. Loan Co., 76 Mo. App. 242, as supporting this contention. In the Lovelace case there was an attempt to assign the bond or note of a member secured by a deed of trust. The assignee foreclosed the deed of trust by a sale at which Lovelace was the purchaser. It was held the loan association had no power to make the assignment, and hence the sale under the deed of trust was void. In the Sappington case the note

assigned was the ordinary bond taken by building and loan associations for loans made to members, and was secured by a deed of trust on real estate. It was held by the Kansas City Court of Appeals, that the purchaser of the note before maturity took it with all the incidents which attached to it by the statute in the hands of the assignor. The notes in both of these cases were made payable in a given number of months by monthly installments.

Defendant testified the note in suit was not given for borrowed money, but was given, as he understood, as a receipt in a settlement with the association of a loan made to the association by his mother, and a settlement of a prior loan made by the association to himself. The note is not, in form or substance, the bond or note these associations are authorized to, and usually, take to secure loans made to members, payable in monthly installments, and upon which monthly interest is required to be paid. It is simply an ordinary negotiable promissory note taken, it is true, out of the ordinary course of business of building and loan associations but, nevertheless, binding on defendant, as we held on the former appeal, and is assignable the same as if made to an individual. On the assurance by defendant that he would bring alleged infirmities of the note home to plaintiff, the court permitted him to offer evidence tending to prove the note was given without any consideration whatever. This evidence was withdrawn by the court, for the reason defendant utterly failed to show plaintiff had any knowledge of the alleged infirmities, or to produce any evidence tending to show that plaintiff's title to the note was affected by bad faith. Plaintiff is a lawyer and his evidence tends to show that he rendered valuable professional services to the building and loan association in consideration for the assignment of the note to him. In regard to the compromise agreement, the evidence is all one way that plaintiff was ready and

willing at all times to abide by its terms, but defendant, on professional advice, after paying the first twenty-five dollars agreed to be paid under the terms of the compromise, refused to make any further payments.

The court gave the following instructions for plaintiff:

"1.   Gentlemen of the jury, the court instructs you that the plaintiff, William B. Cassidy, admits the making by him of the note here sued on, and that the evidence introduced by the defendant, assuming the same to be true, constitutes no defense to plaintiff's claim.   Your verdict, therefore will be for the plaintiff for the amount of the note, less the amount of the credits indorsed thereon, with interest on the amount so found at the rate of eight per cent from the date of the note, July 3, 1893; you will in your verdict state the amount of principal and interest separately, and also the total amount of both principal and interest.

"2.   In estimating the amount of your verdict you will calculate the interest on the face of the note up to the time of the first payment indorsed thereon, and then deduct the amount of such payment from the sum of the principal and interest thus found; then calculate the interest on the remainder up to the second payment. Then deduct the amount of the second payment from the amount of principal and interest to that date; and then calculate the interest on the remainder to the present date and add the principal and interest thus found, and your verdict should be for this amount.

"Date of the note, July 3, 1893.

"Credits:   15 Nov., 1893, $10; 25 Nov., 1893, $15."

Defendant contends that the court took away the right of the jury to compute the interest by these instructions.   What the court did by the instructions was to give the jury the correct rule for the computation of the interest, as was its duty to do.   [Riney v. Hill, 14 Mo. 500; The State ex rel. Christy v. Donegan, 94 Mo.

66, 6 S. W. 693.] The evidence is all one way that plaintiff, for a valuable consideration, took the note before maturity, without notice of any of the infirmities set up by the answer as a defense. He was, therefore, clearly entitled to recover. The judgment is affirmed. All concur.